```
┌─────────────────────────────────────────────────────────┐
│          NOT FOR PUBLICATION WITHOUT THE                │
│         APPROVAL OF THE APPELLATE DIVISION              │
│                                                         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│  parties in the case and its use in other cases is limited. R. 1:36-3.      │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3457-16T2

IN THE MATTER OF
OCEAN TOWNSHIP BOARD
OF EDUCATION,

    Petitioner-Respondent,

v.

WARETOWN EDUCATION
ASSOCIATION,

    Respondent-Appellant.

_____

Argued May 15, 2018 — Decided August 15, 2018

Before Judges Fisher and Sumners.

On appeal from the New Jersey Public Employment Relations Commission, P.E.R.C. Nos. 2017-45 and 2017-53.

Keith Waldman argued the cause for appellant (Selikoff & Cohen, PA, attorneys; Keith Waldman, of counsel and on the brief; Kathleen L. Kirvan, on the brief).

Allan P. Dzwilewski argued the cause for respondent Ocean Township Board of Education (Schwartz Edelstein Law Group, LLC, attorneys; Allan P. Dzwilewski, of counsel and on the brief).

Joseph Blaney, Deputy General Counsel, argued the cause for respondent Public Employment Relations Commission (Robin T. McMahon,

General Counsel, attorney; Robin T. McMahon,
on the brief).

PER CURIAM

The Waretown Education Association (WEA) appeals from a scope of negotiations determination by the Public Employment Relations Commission (PERC), which declared as non-arbitrable, WEA's grievance that the Ocean Township Board of Education (Board) violated the parties' collective bargaining agreement (CBA) by unilaterally assigning job duties performed by a WEA member to a non-unit member. Because we conclude that PERC misapplied the test regarding whether a dispute between a public employer and its employees is negotiable, we reverse.

Beginning in 2003, a WEA member performed the duties of the part-time positions of Substitute Caller and Transportation Coordinator (collectively the positions). The job titles and stipends for the positions have been part of the CBA since the 2008-2011 CBA. A change occurred in 2015, when the WEA member performing the duties of the positions was promoted to fill the vacant Superintendent's Secretary position — a non-WEA unit position — and continued to perform the positions' duties and receive the stipends for doing so. In response, WEA filed a grievance under the CBA claiming the Board was required to negotiate the transfer of recognized unit work to a non-unit

2

employee. Contending the dispute was not negotiable because it had the managerial prerogative to determine who filled the positions, the Board filed a scope of negotiations petition with PERC to restrain the grievance that by then had proceeded to arbitration. While the arbitration and scope petition were pending, the CBA expired and the Board unsuccessfully tried to negotiate the positions out of the CBA's recognition clause during the ensuing labor negotiations. Consequently, the positions and stipends continued to be part of the new CBA.

The Board thereafter agreed to post the positions as sought by WEA. The superintendent's secretary, who was still serving in the positions, and WEA members applied. The status quo remained, however, when the Board determined that the superintendent's secretary was the best-qualified candidate to fill the positions, and she remained in her non-WEA unit position. Thus, the Board spurned WEA's demand that only WEA members should hold the positions.

Following unsuccessful settlement efforts and the arbitrator's denial of the Board's request to stay the arbitration award pending the scope of negotiations petition as untimely, the arbitrator issued his award sustaining the grievance on the basis that the Board's appointment of the superintendent's secretary to the positions and keeping her out of the WEA unit was expressly

excluded by the CBA. In support, the arbitrator cited the CBA's recognition clause and stipend schedule covering the positions; the established past practice that the positions were performed by a WEA member; the collective bargaining history; the unpersuasive Board's position that the School Nurse (a WEA position) could not perform the duties of the Substitute Caller position during the school day; and finally, the Board's position that the dispute was non-negotiable was contrary to the CBA.

Thereafter, PERC, which had stayed the scope of negotiations petition pending the arbitration award, ruled that WEA's "grievance challenging the [Board's] decision to continue the superintendent's secretary as the district's substitute caller and transportation coordinator is not mandatorily negotiable or legally arbitrable." PERC determined that under the third prong of three-prong negotiability test articulated in In re Local 195, IFPTE, 88 N.J. 393, 404-05 (1982), the Board's selection of the superintendent's secretary was a proper exercise of its managerial prerogative "to meet its governmental policy goal" to determine who was best qualified to fill the positions and assign the responsibilities to that person. PERC denied WEA's motion for reconsideration; rejecting WEA's arguments that an evidentiary hearing was a necessary because there were no material facts in dispute; that the decision rested on the interpretation of the

A-3457-16T2

unit-work rule; and that the Board's labor negotiations' proposal to remove the positions from the CBA was fatal to its claim that it had the authority to unilaterally assign the positions to a non-WEA member.

We are mindful that PERC has "the power and duty, upon the request of any public employer or majority representative, to make a determination as to whether a matter in dispute is within the scope of collective negotiations." N.J.S.A. 34:13A-5.4(d); see also, City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 567-68 (1998). In making a scope of negotiations determination, PERC decides the "limited" issue of whether "the subject matter in dispute [is] within the scope of collective negotiations." Ridgefield Park Educ. Ass'n v Ridgefield Park Bd. of Educ., 78 N.J. 144, 154 (1978) (quoting In re Hillside Bd. of Educ., 1 N.J.P.E.R. 55, 57 (1975)).

In our review of a PERC ruling, we give deference to the agency's interpretation of the New Jersey Employer-Employee Relations Act (Act), N.J.S.A. 34:13A-1 to -43 "unless its interpretations are plainly unreasonable, . . . contrary to the language of the Act, or subversive of the Legislature's intent." N.J. Tpk. Auth. v. AFSCME, Council 73, 150 N.J. 331, 352 (1997). Said another way, we will only disturb a PERC decision that "is

clearly demonstrated to be arbitrary or capricious." <u>Jersey City</u>, 154 N.J. at 568 (citation omitted).

In deciding whether WEA's grievance was arbitrable, PERC was required to perform its limited function in determining if the dispute was within the scope of negotiations observed, and not the merits of the grievance. <u>See</u> <u>Ridgefield Park Educ. Ass'n</u>, 78 N.J. at 154. In the seminal case of <u>Local 195</u>, our Supreme Court established the following three-prong test for determining whether an issue is mandatorily negotiable:

> [A] subject is negotiable between public employers and employees when (1) the item intimately and directly affects the work and welfare of public employees; (2) the subject has not been fully or partially preempted by statute or regulation; and (3) a negotiated agreement would not significantly interfere with the determination of governmental policy.
> [88 N.J. at 404.]

In restraining WEA's grievance as non-arbitrable, PERC determined the third prong sustained the Board's argument that it did not have to negotiate the appointment of the superintendent's secretary to perform the duties of the positions. The Court summarized this prong in stating:

> To decide whether a negotiated agreement would significantly interfere with the determination of governmental policy, it is necessary to balance the interests of the public employees and the public employer. When the dominant concern is the government's managerial prerogative to determine policy, a

> subject may not be included in collective
> negotiations even though it may intimately
> affect employees' working conditions.

> [Id. at 404-05.]

As we see it, WEA's grievance is whether the Board deprived the WEA of unit work, meaning, "shifting of work from employees within a negotiations unit to other employees outside the unit." Jersey City, 154 N.J. at 565. WEA argues that in applying the Local 195's test of negotiability rule, PERC erred by not following the Court's ruling sixteen years later in Jersey City, which held that the transfer of unit work has consistently been held by PERC to be mandatorily negotiable unless "(1) the union has waived its right to negotiate over the transfer of unit work, (2) historically, the job was not within the exclusive province of the unit-personnel, and (3) the municipality is reorganizing the way it delivers government services." Jersey City, 154 N.J. at 577. WEA maintains that since none of these exceptions apply, PERC's ruling is contrary to its own settled principles, and thus, its grievance is arbitrable. New Milford Bd. of Educ., P.E.R.C. No. 93-102, 19 N.J.P.E.R. 265, 267 (¶ 24132 1993) (bargaining unit members have a right to a position within the unit's CBA recognition clause bargaining); Jersey City Bd. of Educ., P.E.R.C. No. 80-145, 6 N.J.P.E.R. 434, 435 (¶ 11219 1980)(assigning unit

work to non-unit employees for economic or educational policy reasons is mandatorily negotiable, and therefore arbitrable.).[1]

PERC and the Board both contend that PERC properly applied Local 195 in ruling that WEA's grievance was not mandatorily negotiable, and, thus not arbitrable, because the Board exercised a managerial prerogative in appointing whom it felt was best qualified to fill the positions. PERC also argues WEA's reliance upon New Milford is misguided because that situation involved extracurricular activities, which are mandatorily negotiable under N.J.S.A. 34:13A-23, and this dispute involves part-time duties that are mandatorily negotiable under a law. PERC likewise contends that its other decisions relied upon by WEA are factually inapposite.

We agree with PERC and the Board that we need not determine whether the unit work rule was violated because Local 195 controls the negotiability test. We, however, part with their assessment regarding the application of the test to WEA's grievance.

---

[1]   We decline to address WEA's additional argument that PERC's refusal to revisit its decision is an "abrogati[on] of its statutorily role as a neutral." WEA did not raise this argument before PERC and it is not jurisdictional in nature nor does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted). Even had we addressed the argument, it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We conclude that PERC mistakenly applied <u>Local 195</u> in determining that WEA's grievance to maintain work in its unit interferes with its managerial prerogative to decide who is qualified to perform the duties of the positions. Through its <u>Local 195</u> analysis, PERC determined that WEA seeks to usurp the Board's managerial prerogative to select who it feels is the person or persons to fill the positions. We see no such interference in the Board's managerial prerogative. Because WEA contends that the positions are part of its unit based on the CBA and past practice, its grievance seeks the relief of having a unit member fill the positions. WEA's demand that the holder(s) of the positions be part of its unit does not dictate whom the Board selects to fill the positions. Rather, it contends that whoever is hired to fill the positions must be part of WEA because the unit represents the positions. We are convinced that to rule otherwise would deny WEA its collectively bargained right to grieve alleged violations of the CBA; in this case, concerns over the transfer of WEA unit work without negotiation.

Given that the <u>Local 195</u> negotiability test controls, we need not decide whether the Board's action violated the unit work rule. Yet, had we done so, we would have agreed substantially with the reasoning articulated by the arbitrator in his decision sustaining WEA's grievance as WEA lost positions from its unit when the Board

A-3457-16T2

shifted the positions' duties to the superintendent's office. Jersey City, 154 N.J. at 575-76 (holding there was no need to address the unit-work rule as the Local 195 negotiability test applies, but in considering the rule, it would not have applied since the bargaining unit suffered no loss of positions by the public employer's reassignment of work from the unit).

Accordingly, PERC should not have restrained WEA's grievance and the arbitration award in WEA's favor.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION